**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
**STEPHANIE A. GALLAGHER**
**UNITED STATES MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 9, 2014

LETTER TO COUNSEL:

> RE:    *Ernest Weddle v. Commissioner, Social Security Administration*;
> Civil No. SAG-13-1588

Dear Counsel:

On May 31, 2013, the Plaintiff, Ernest Weddle, petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 11, 15). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

Mr. Weddle filed claims for DIB and SSI on July 19, 2010, alleging in both a disability onset of May 20, 2009. (Tr. 197–212). His claims were denied initially and on reconsideration. (Tr. 61–84, 85–112). A hearing was held on March 15, 2012 before an Administrative Law Judge ("ALJ"). (Tr. 33–56). Following the hearing, on April 9, 2012, the ALJ determined that Mr. Weddle was not disabled during the relevant time frame. (Tr. 20–28). The Appeals Council denied Mr. Weddle's request for review (Tr. 1–6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Weddle suffered from the severe impairment of mood/bipolar disorder. (Tr. 22). Despite this impairment, the ALJ determined that Mr. Weddle retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: is limited to simple, routine and repetitive tasks; and requires a low stress job, defined as having only occasional decision making and occasional changes in the work setting. The claimant can have only occasional direct interaction with the public, coworkers and supervisors.

(Tr. 24). After considering the testimony of a vocational expert ("VE"), the ALJ determined that

*Ernest Weddle v. Commissioner, Social Security Administration*;
Civil No. SAG-13-1588
May 9, 2014
Page 2

Mr. Weddle could perform jobs existing in significant numbers in the national economy, and that he was not therefore disabled.  (Tr. 27–28).

Mr. Weddle principally challenges the ALJ's RFC assessment.  As part of his argument, he makes several sub-arguments.  First, he contends that the ALJ erroneously analyzed the opinion of a consultative examiner.  Second, he argues that the ALJ failed to evaluate his statements in two Function Reports.  Third, Mr. Weddle raises several challenges to the ALJ's treatment of the opinion of Dr. Itskowitz, his treating psychiatrist.  Fourth, Mr. Weddle argues that the ALJ's RFC assessment did not consider limitations assessed by state agency physicians in their respective mental RFC assessments.  Each argument is meritless and is addressed in turn.

First, Mr. Weddle takes issue with the ALJ's evaluation of a consultative examination report by Dr. Mikhael Taller.  Pl.'s Mot. 6–7.  Specifically, Mr. Weddle argues that the ALJ failed to consider the report in its entirety, and that the ALJ should not have considered his lack of psychotic symptoms as a factor in the evaluation of his mental disorder.[1]  *Id.* at 6.  I disagree and find that the ALJ's evaluation of Dr. Taller's report is supported by substantial evidence. The ALJ assigned the report "great weight" and found that the report did "not assess any significant work limitations and the examination failed to show any psychotic symptoms."  (Tr. 26).  The ALJ further noted that, "[t]he claimant's thought processes were goal directed and logical."  *Id.*  This depiction of Dr. Taller's report is accurate.  While Mr. Weddle highlights several grim statements from the report, *see* Pl.'s Mot. 6, he fails to mention that these statements were his own subjective complaints.  Dr. Taller's objective findings were unremarkable.  Dr. Taller noted that Mr. Weddle was "casually dressed and groomed," "cooperative [with]...good eye contact," "[h]is affect was appropriate," "[h]is thought processes were goal-directed and coherent," "he was alert and oriented to time, place, and himself," and "[h]is insight and judgment were fair."   (Tr. 347).  Moreover, the ALJ did not find Mr. Weddle's subjective complaints entirely credible.  *See* (Tr. 25).  The ALJ's statement that Mr. Weddle showed no psychotic symptoms was merely an accurate reflection of the report, which found that Mr. Weddle "denied auditory, visual hallucinations and no delusional ideations were revealed."  (Tr. 347).

Next, Mr. Weddle argues that the ALJ failed to consider his subjective complaints in two Adult Function Reports.  Pl.'s Mot. 7–8.  In the reports, Mr. Weddle described his daily routine, which involved "sometimes" eating breakfast, getting dressed, and visiting friends.  (Tr. 251, 282).  Mr. Weddle also reported few social activities and an inability to handle stress.  (Tr. 255, 257, 286, 288).  Although the ALJ did not discuss the Adult Function Reports, *see* (Tr. 25) (citing the September, 2010 Function Report), that error is harmless because Mr. Weddle's hearing testimony adequately described his symptoms.  *See* (Tr. 44–46) (describing his problems

---

[1] Mr. Weddle also raises a perplexing argument that appears to fault the ALJ for accurately stating that Dr. Taller did not assess any significant work limitations.  (Tr. 26).  Mr. Weddle argues that the ALJ "mischaracterized" Dr. Taller's report, yet he points to no harm or error resulting from the ALJ's correct statement that, "Dr. Taller's report does not assess any significant work limitations..." *Id.*  While I have considered Mr. Weddle's argument, it has no effect on my finding that the ALJ's evaluation of Dr. Taller's report is supported by substantial evidence.

*Ernest Weddle v. Commissioner, Social Security Administration*;
Civil No. SAG-13-1588
May 9, 2014
Page 3

being around people and difficulty concentrating). The ALJ properly applied the Fourth Circuit's two-part test for evaluating a claimant's subjective complaints. The first prong of this test requires a determination that there is objective medical evidence of a medical impairment reasonably likely to cause the pain alleged by the claimant. *Craig,* 76 F.3d at 594. The second prong requires the ALJ to consider "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work." *Id.* at 595. The ALJ deemed Mr. Weddle "partially credible." (Tr. 25). The ALJ reasoned that Mr. Weddle had no marked limitations in his ability to interact with others, no issues with shopping or caring for his personal hygiene, normal mental status examinations, no severe physical impairments, and a GAF score that indicated symptoms consistent with competitive work. I find that the ALJ's adverse credibility analysis is supported by substantial evidence. Moreover, an ALJ is not required to address every piece of evidence in the record, so long as a reviewing court can determine from the opinion "what the ALJ did and why he did it." *Piney Mountain Coal Co. v. Mays,* 176 F.3d 753, 762 n.10 (4th Cir. 1999) (citing *Lane Hollow Coal Co. v. Dir., Office of Workers' Comp. Programs,* 137 F.3d 799, 803 (4th Cir.1998)); *see also Melgarejo v. Astrue,* No. JKS 08–3140, 2009 WL 5030706, at *4 (D. Md. Dec. 15, 2009) (all holding that an ALJ's duty to explain his findings and conclusions on all material issues of fact or law is satisfied when a reviewing court can determine, from an ALJ's opinion and the evidence of record, how he reached his conclusion). Accordingly, remand is not warranted on this argument.

Third, Mr. Weddle disagrees with the ALJ's evaluation of the opinion of his treating psychiatrist, Dr. Itskowitz. Pl.'s Mot. 8–14. Mr. Weddle contends that the ALJ failed to abide by Social Security regulations when she accorded the opinion only "little weight." (Tr. 26). The ALJ must generally give more weight to a treating source's opinion. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). However, where a treating source's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, it should be accorded significantly less weight. *Craig,* 76 F.3d at 590. The ALJ is not required to give controlling weight to a treating source's opinion on the ultimate issue of disability. SSR 96–5p, 1996 WL 374193, at *5 (July 2, 1986). If the ALJ does not give a treating source's opinion controlling weight, the ALJ will assign weight after applying several factors, such as, the length and nature of the treatment relationship, the degree to which the opinion is supported by the record as a whole, and any other factors that support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(1)-(6); 416.927(c)(1)-(6). Pursuant to Social Security regulations, the ALJ is required to "give good reasons" for the weight assigned to a treating source's opinion. 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2).

Although Mr. Weddle argues that the ALJ failed to adequately explain how Dr. Itskowitz's opinion was unsupported by the medical evidence of record, I find that the ALJ's evaluation of the opinion was more than sufficient. The ALJ provided several reasons for her assignment of weight. She noted that Dr. Itskowitz's finding that Mr. Weddle had marked limitations in three functional areas was inconsistent with the medical evidence. (Tr. 26). She also noted that Mr. Weddle's GAF score of 60 indicated only mild, moderate symptoms, and that there was a lack of medical support for the report in general. *Id.* I agree. As noted above, Mr. Weddle's own Function Reports are contrary to a finding of "marked" limitations in activities of

*Ernest Weddle v. Commissioner, Social Security Administration*;
Civil No. SAG-13-1588
May 9, 2014
Page 4

daily living.  Mr. Weddle has no problem with personal care, he prepares his own meals, drives a car, goes shopping, pays bills, watches television, and visits friends on occasion.  *See* (Tr. 251–58, 282–89).  Furthermore, the treatment notes of Dr. Itskowitz indicate that Mr. Weddle's mental status examinations were largely positive.  *See* (Tr. 333–40, 504–510) (consistently noting that Mr. Weddle was "well groomed" and "cooperative" with "goal directed" thought processes and "alert and oriented" cognition).  Mr. Weddle also argues that the ALJ failed to appreciate the regulatory definition of "marked" limitations, and that the ALJ failed to note that Dr. Itskowitz's opinion was consistent with his own subjective complaints.  Pl.'s Mot. 10–11.  However, as discussed above, the ALJ found that Dr. Itskowitz's findings of "marked" limitations in three functional areas were not supported by the medical evidence of record.  Also, as noted above, the ALJ properly applied the two-part test for assessing a claimant's credibility, and the ALJ's adverse credibility finding is supported by substantial evidence.  Therefore, remand is not appropriate.

Finally, Mr. Weddle argues that the ALJ's RFC assessment is not supported by substantial evidence because it fails to include limitations assessed by state agency physicians.  Pl.'s Mot. 14.  At the initial and reconsideration levels, state agency physicians assessed Mr. Weddle's mental RFC.  *See* (Tr. 63–73, 87–99).  The state agency physicians found "moderate limitations" in categories of sustained concentration and persistence, social interaction, and adaptation.  *Id.*  Significantly, both opinions concluded that Mr. Weddle was capable of performing work, and not therefore disabled.  Louis Perrott, Ph.D., opined that Mr. Weddle retained the capacity to "perform simple, routine, non-stressful work requiring minimal social interaction."  (Tr. 70).  At the reconsideration level, Dr. Amos stated that Mr. Weddle also retained the capacity to engage in "nonstressful tasks at SGA levels."  (Tr. 96).  The ALJ's RFC assessment comported with the opinions of state agency physicians.  The ALJ limited Mr. Weddle's interactions with the public, and coworkers, and limited Mr. Weddle to a low-stress environment with simple, routine, and repetitive tasks.  (Tr. 24).  Accordingly, Mr. Weddle's argument is without merit and remand is unnecessary.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 11) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 15) will be GRANTED.  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge